United States District Court
Eastern District of Michigan
Southern Division

United States of America,

       Plaintiff,

v.

D-9 Heather Dolan,

       Defendant.
_____/

Case No. 22-CR-20074

Hon. Brandy R. McMillion

# Plea Agreement

The United States of America and the defendant, Heather Dolan, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1.   Counts of Conviction**

The defendant will plead guilty to Count 1 and Count 10 of the First Superseding Indictment. Count 1 charges the defendant with Conspiracy to Distribute Fentanyl under 21 U.S.C. § 846. Count 10 charges the defendant with Possession with Intent to Distribute 40 Grams of More of Fentanyl under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

## 2. Statutory Minimum and Maximum Penalties

The defendant understands that the counts to which she is pleading guilty carry the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | Minimum: 5 years<br>Maximum: 40 years |
|---|---|---|
| | Fine: | Maximum: $5,000,000 |
| | Term of supervised release: | Minimum: 4 years<br>Maximum: Life |
| Count 10 | Term of imprisonment: | Minimum: 5 years<br>Maximum: 40 years |
| | Fine: | Maximum: $5,000,000 |
| | Term of supervised release: | Minimum: 4 years<br>Maximum: Life |

The defendant further understands that the Court has the discretion to run the sentences of imprisonment on the counts of conviction consecutively to each other.

The defendant understands that Counts 1 and 10 require a mandatory minimum sentence of 5 years' imprisonment and that the Court may not impose a sentence on that count below the mandatory minimum.

3.  **Elements of Counts of Conviction**

The elements of Count 1 are:

    First:    Two or more persons conspired, or agreed, to violate the drug laws by distributing a controlled substance.

    Second:    The defendant knowingly and voluntarily joined the conspiracy.

    Third:    The amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (also known as fentanyl) attributable to the defendant as a result of her own conduct, and the conduct of other co-conspirators reasonably foreseeable to her, is 40 grams or more.

The elements of Count 10 are:

    First:    The defendant knowingly possessed N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (also known as fentanyl).

    Second:    The defendant intended to distribute the fentanyl.

    Third:    The amount of fentanyl the defendant possessed was 40 grams or more.

4.  **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offenses, and provide a sufficient factual basis for the defendant's guilty plea:

On or about June 2021 through March 1, 2022, in Jackson County, Eastern District of Michigan, and elsewhere, Heather Dolan and others knowingly and intentionally conspired and agreed with each other to distribute more than 40 grams of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, also known as fentanyl, a Schedule II controlled substance. Some members of the conspiracy acted as leaders and organizers while others had different roles, including drug sellers, drug cooks, and enforcers. Heather Dolan maintained a premises for the purpose of manufacturing or distributing a controlled substance by agreeing to provide a secured room within her residence for other members of the conspiracy to store fentanyl and prepare fentanyl for distribution as part of the extensive drug-trafficking conspiracy in Jackson that involved more than five participants.

It was a part of the conspiracy that on or about March 1, 2022, in Jackson County, Heather Dolan possessed with the intent to distribute approximately ninety (90) grams of a mixture and substance containing a detectable amount of fentanyl.

The controlled substances involved in the conspiracy attributable to Heather Dolan, as a result of her own conduct and the conduct of

other co-conspirators reasonably foreseeable to her, was at least 40 but less than 160 grams of fentanyl.

**5. Advice of Rights**

The defendant has read the First Superseding Indictment, has discussed the charges and possible defenses with her attorney, and understands the crimes charged. The defendant understands that, by pleading guilty, she is waiving many important rights, including the following:

    A.    The right to plead not guilty and to persist in that plea;

    B.    The right to a speedy and public trial by jury;

    C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

    D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

    E.    The right to confront and cross-examine adverse witnesses at trial;

    F.    The right to testify or not to testify at trial, whichever the defendant chooses;

G.  If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.  The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.  The right to compel the attendance of witnesses at trial.

**6.  Collateral Consequences of Conviction**

The defendant understands that her convictions here may carry additional consequences under federal or state law. The defendant understands that, if she is not a United States citizen, her convictions here may require her to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of her convictions here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of

the defendant's convictions might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from her convictions.

### 7. Safety Valve

The defendant understands that she will only qualify for the safety valve in 18 U.S.C. § 3553(f) if the Court finds at sentencing that she has satisfied *all* of the requirements in § 3553(f). If the Court finds that the defendant has satisfied all of those requirements, the Court may—but is not required to—sentence the defendant below the mandatory minimum penalties that would otherwise apply on Counts 1 and 10.

### 8. Defendant's Guideline Range

#### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

#### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a) Further, if the

defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, her probation officer; obstructing justice in any way; denying her guilt on the offenses to which she is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties have no other joint recommendations as to the defendant's guideline calculation.

### D. Factual Stipulations for Sentencing Purposes

The parties have no additional factual agreements for sentencing purposes.

### E. Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F. Not a Basis to Withdraw

The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if she disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

9. **Imposition of Sentence**

   A. **Court's Obligation**

   The defendant understands that in determining her sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

   B. **Imprisonment**

   1. **Recommendation**

   Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the top of the defendant's guideline range as determined by the Court.

   2. **No Right to Withdraw**

   The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if

the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C. Supervised Release

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a 4-year term of supervised release.

#### 2. No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D. Fines

The parties have no agreement as to a fine.

### E. Special Assessment

The defendant understands that she will be required to pay a special assessment of $200, due immediately upon sentencing.

## 10. Restart Program

Defendant agrees to participate in the Eastern District of Michigan's Restart program, pursuant to the terms set forth in the Restart Contract for Participation attached as Exhibit A.

Defendant acknowledges that her ongoing participation, successful completion, or involuntary termination from the Restart program rests in the sole discretion of the Restart Program Judge. All decisions made by the Restart Program Judge, including those involving defendant's continued participation in the program, imposition of a sanction for non-compliance, or involuntary termination from the program, are not appealable.

If the Restart Program Judge determines that defendant has successfully completed the Restart program, defendant will receive a sentence that does not include a term of imprisonment, subject to eligibility under the Safety Valve. Defendant may also be eligible, with the approval of the government: (1) to withdraw her guilty plea and

enter a plea to a misdemeanor offense; or (2) to have all pending charges dismissed. Defendant acknowledges that the decision to decrease the charges to a misdemeanor or to dismiss the charges rests solely with the government, and is not appealable.

If the Restart Program Judge terminates defendant from the Restart program, defendant's case will be transferred back to the Originating District Judge for sentencing. Both parties will be free to recommend any sentence consistent with Paragraph 8 of this agreement, and the Originating District Judge will impose a sentence taking into consideration the factors set forth in 18 U.S.C. § 3553(a) as well as the Sentencing Guidelines. The Restart Program Judge and the Pretrial Services Officer will provide the Originating District Judge with a report of the defendant's participation in the Restart program, including the reasons for the defendant's termination or departure from the program. Defendant may not withdraw her guilty plea because she has been terminated from the Restart program, or because the government does not agree to reduce the charge to a misdemeanor or dismiss the charge.

Defendant understands that her failure to comply with Restart program requirements may result in sanctions, including a period of imprisonment. Defendant is aware that under 18 U.S.C. §§ 3142 and 3143, a court may be required to make a finding as to a defendant's dangerousness or risk of flight before ordering that defendant to be detained. Defendant knowingly waives the right to any such judicial finding in connection with a sanction of imprisonment assessed during the Restart program.

## 11. Appeal Waiver

The defendant waives any right she may have to appeal her conviction on any grounds. The defendant also waives any right she may have to appeal her sentence on any grounds, unless her sentence of imprisonment exceeds the top of the guideline range as determined by the Court (or any applicable mandatory minimum, whichever is greater).

## 12. Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28

U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right she may have to challenge her conviction or sentence by collateral review, including, but not limited to, any right she may have to challenge her conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

### 13. Remedies for Withdrawal, Breach, Rejection, or Vacatur

If the defendant is allowed to withdraw her guilty pleas or breaches this agreement, or if the Court rejects this agreement, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the defendant has been permitted to plead guilty to a lesser-included offense, the government may also reinstate any charges or file any

additional charges against the defendant for the greater offense, and the defendant waives her double-jeopardy rights with respect to the greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives her right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

### 14. Use of Withdrawn Guilty Plea

The defendant agrees that if she is permitted to withdraw her guilty plea for any reason, she waives all of her rights under Federal Rule of Evidence 410, and the government may use her guilty plea, any statement that the defendant made at her guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

### 15. Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 16. Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 17. Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by February 10, 2025. The

government may withdraw from this agreement at any time before the defendant pleads guilty.

Julie A. Beck<br>Acting United States Attorney

_____  
Craig F. Wininger  
Chief, Violent and Organized  
Crime Unit  
Assistant United States  
Attorney

_____  
Andrew R. Picek  
Assistant United States  
Attorney

Dated: 1/28/2025

By signing below, the defendant and her attorney agree that the defendant has read or been read this entire document, has discussed it with her attorney, and has had a full and complete opportunity to confer with her attorney. The defendant further agrees that she understands this entire document, agrees to its terms, has had all of her questions answered by her attorney, and is satisfied with her attorney's advice and representation.

_____  _____
Judith S. Gracey                  Heather Dolan
Attorney for Defendant            Defendant

Dated: 2/25/25